In the Supreme Court of Georgia

Decided:  October 6, 2014

S14Y1413.  IN THE MATTER OF ROBERT ANTHONY McDONALD.
S14Y1414.  IN THE MATTER OF ROBERT ANTHONY McDONALD.
S14Y1415.  IN THE MATTER OF ROBERT ANTHONY McDONALD.
S14Y1416.  IN THE MATTER OF ROBERT ANTHONY McDONALD.

PER CURIAM.

These disciplinary matters are before the Court on four Notices of Discipline filed by the State Bar against Respondent Robert Anthony McDonald (State Bar No. 489579).  Each notice charged McDonald with violating multiple rules set out in of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d).  The State Bar seeks McDonald's disbarment and we agree that disbarment is the appropriate discipline in these cases.

McDonald, who only provided a post office box address to the State Bar's Membership Department, failed to acknowledge service within twenty days of the Notices of Discipline having been mailed to his post office box.  Accordingly, he was properly served by publication pursuant to Bar Rule 4-203 (b) (3) (ii).  He failed to file Notices of Rejection and therefore is in default, has

no right to an evidentiary hearing, and is subject to such discipline as may be determined by this Court, see Bar Rule 4-208.1 (b). McDonald has been on interim suspension since January 2014.

**S14Y1413**

By virtue of his default, McDonald admits that a client retained him in May 2010, to represent her regarding an automobile accident that occurred in May 2010, in which she suffered injuries. McDonald had minimal communication with the client during the following two years, but filed an action on her behalf in May 2012. Although the client made repeated efforts to communicate with McDonald by telephone, e-mail, and certified mail, his phone was disconnected, his e-mail inoperative, and certified mail was returned as unclaimed. The client's case appeared on a default calendar in January 2013 but when McDonald did not appear, the case was dismissed for want of prosecution. In March 2013, the client sent McDonald a letter expressing her dissatisfaction with his failure to communicate and demanding information about the status of her case. When McDonald failed to respond, the client filed a grievance. In April 2013, she accepted a settlement directly from the insurer. McDonald did not respond to the Investigative Panel in this matter. The Bar submits that this

2

conduct violates Rules 1.2 (a), 1.3, 1.4, l.l6 and 9.3.

**S14Y1414**

By virtue of his default, McDonald admits that a client retained him in 2007 to represent her regarding an automobile accident in which she suffered injuries. McDonald had minimal communication with the client during the next two years and in 2009, he advised her that the defendant was in active military service and that she therefore could not proceed with her suit until he returned. In May 2009, McDonald told the client that he was filing her action since the statute of limitations would expire soon, but that he was unable to reach the defendant's commanding officer, and that the insurer would not return his calls. To assist in filing her complaint, the client provided McDonald with the original documents concerning all of her medical records and expenses. Later in 2009 and throughout 2010, the client repeatedly attempted to contact McDonald. At the time, the client was suffering financial difficulties and needed to settle her case. The client had occasional contact with McDonald's wife, who was an acquaintance, and who told the client that her case should be completed by September 2012. The client continued her efforts to contact McDonald, and although his secretary finally scheduled an appointment in September 2012,

McDonald subsequently cancelled it. In October 2012, McDonald responded to a text message, assuring the client that he would provide her case information to her bankruptcy attorney, but he failed to do so. In December 2012, the client delivered a letter to McDonald's secretary expressing her dissatisfaction and requesting her complete file so that she could retain another attorney. After still not receiving any response, the client checked the court's file in January 2013, and learned that McDonald had voluntarily dismissed her case in May 2010 and that the court had entered an order in October 2009, requiring her to pay $550 in attorney fees as a sanction for McDonald's failure to respond to discovery. In February 2013, the client submitted another written request for her entire file, but has had no response from McDonald. McDonald also has not responded to the Investigative Panel in this matter. The Bar submits that this conduct violates Rules 1.2 (a), 1.3, 1.4, l.l6, 3.2, 8.4 (a) (4), and 9.3.

**S14Y1415**

By virtue of his default, McDonald admits that in July 2012, he was retained to represent a defendant in a criminal matter pending in the State Court of Douglas County. McDonald filed an entry of appearance and waiver of arraignment on behalf of the client but then had no communication with him

4

despite the client's repeated efforts to contact McDonald. McDonald did not file any further pleadings on his client's behalf, and when the case appeared on the court's calendar he failed to appear. The client, who was present for the calendar call, informed the court of McDonald's failure to respond to his efforts to contact him and the court issued an Order for Withdrawal of Attorney on June 3, 2013. The client was able to obtain appointed counsel to resolve his case. McDonald has not responded to the Investigative Panel in this matter. The Bar submits that this conduct violates Rules 1.2 (a), 1.3, 1.4, 3.2, and 9.3.

### S14Y1416

By virtue of his default, McDonald admits that in October 2009, a client retained him to pursue a personal injury action involving injuries the client suffered in an automobile accident that month. The case was settled for $9,000 and on or about March 1, 2013, McDonald sent the client a "Settlement Statement" reflecting that he was withholding $2,323.67 for payment to medical providers and an insurer for subrogation. Although the client had already paid the medical providers out-of-pocket, he waited for McDonald to negotiate the only remaining unpaid claim – a subrogation claim from Blue Cross Blue Shield in the amount of $1,248.95 – before requesting disbursement of the remaining

5

funds. In August 2013, the client received a letter from Blue Cross regarding the subrogation claim. McDonald did not respond to the client's repeated attempts to contact him regarding payment of the subrogation claim and reimbursement for the other medical expenses and has not provided an accounting for the settlement funds that were designated for medical expenses. McDonald also failed to respond to the client's grievance. The Bar submits that this conduct violates Rules 1.2 (a), 1.3, 1.4, 3.2, and 9.3.

Although the Investigative Panel admits that McDonald has no prior disciplinary history, it notes that disbarment is the maximum punishment for violating Rules 1.3, 1.15 (I) and (II), and 8.4 (a) (4) and asserts that disbarment is warranted because McDonald acted willfully and dishonestly in failing to communicate with his clients, in abandoning the legal matters entrusted to him, in misrepresenting to his client in S14Y1414 the status of her legal matter, in dismissing that client's matter without her knowledge, and in failing to account for and properly disburse the proceeds from the client's settlement in S14Y1416. It also argues that disbarment is warranted because these four matters demonstrate a pattern of misconduct.

Based on our review of the record, we conclude that disbarment is the

appropriate sanction in these matters. Accordingly, it is hereby ordered that the name of Robert Anthony McDonald be removed from the rolls of persons authorized to practice law in the State of Georgia. McDonald is reminded of his duties pursuant to Bar Rule 4-219 (c).

Disbarred. All the Justices concur